IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD ZOLLAR HENDERSON,

                    Plaintiff,

vs.                                   Case No. 22-3013-SAC

JOHN DOE, et al.,

                    Defendants.

## O R D E R

Plaintiff, pro se, has filed this action alleging injuries, a denial of medical treatment, and a denial of religious rights. This matter appears to arise from plaintiff's incarceration at a halfway house or reentry facility called the Grossman Center. This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.

1992).  Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The elements necessary to establish a constitutional violation will vary with the constitutional provision at issue. See Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013). Liability also depends upon an individual defendant's personal involvement in the constitutional violation. Id. The Tenth Circuit has given the following guidance for alleging a viable constitutional claim:

> we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

Id. at 1225–26 (citation, quotation, and alteration omitted).

II. The complaint

The caption of the complaint names as defendants:  "Area Transportation Authority"; "John Doe," a bus driver; Susan Husebrink, a case manager at the Grossman Center; FNU Zeke, the director of the Grossman Center; and the Grossman Halfway House. Plaintiff appears to assert diversity of citizenship, but he does not list the citizenship of the "Area Transportation Authority" or FNU Zeke.  The complaint does not expressly identify the operator of the Grossman Center.  It is the court's understanding, however, that a private company is the operator.  See Harper v. English,

3

2017 WL 5158183 (D.Kan. 11/7/2017)(referring to the residential reentry center at Leavenworth, Kansas as operated by a private entity).

The complaint alludes somewhat vaguely to a traffic accident in December 2019 near Tenth and Minnesota in Kansas City, Kansas. The complaint asserts that an unnamed bus driver, "John Doe," was reckless and not paying attention to the safety of his passengers. He asserts that defendant Husebrink denied essential medical care and therapy prescribed by a medical specialist.  Plaintiff also claims quite generally that there has been a "denial of religion." Plaintiff asks that the bus company be held liable for damages. He does not describe the relief he seeks from the other defendants.

Plaintiff does not describe how a traffic accident involving the bus happened or how the bus driver was careless.  He does not describe his injuries, the medical care he received, or the care he was denied.  Nor does he allege facts which describe a "denial of religion."

Plaintiff seeks monetary damages of $170,000 as relief.

III. Screening

A. Diversity jurisdiction

Plaintiff has the burden of properly alleging grounds for this court's jurisdiction.  See Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).  A negligence claim against a private individual or company is a state law matter which

this court may not consider absent diversity jurisdiction or some other grounds for federal jurisdiction.  For this court to have diversity jurisdiction, plaintiff may not be a citizen of the same state as any defendant.  Wis. Dept. of Corr. v. Schacht, 524 U.S. 381, 388 (1998).  Plaintiff does not allege the citizenship of "Area Transportation Authority."  Without facts alleged showing there is diversity of citizenship between plaintiff and "Area Transportation Company," the court does not have diversity jurisdiction over plaintiff's state law claims.  McBride v. Doe, 71 Fed.Appx. 788, 790 (10th Cir. 2003).

   B. Failure to state a claim

   "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (2007). When negligence is alleged, "such a claim requires a complaint with enough factual matter (taken as true) to suggest" at least one negligent act or omission.  Id. at 556.

   Here, the complaint fails to assert facts which suggest that plaintiff was injured because of the negligence of the bus company or the bus driver.  The complaint merely says that the bus driver was reckless or careless.  This is insufficient. See, e.g., Gakuba v. Henderson, 2020 WL 65053 *4 (S.D.Ill. 1/7/2020)(conclusory statements pertaining to negligence do not meet the pleading standards of Twombly); Moore v. Time Warner Cable, Inc., 2009 WL 3754225 *6 (W.D.N.C. 11/5/2009)(conclusory assertion of negligent

supervision and retention fails to state a claim for relief). Plaintiff's allegations regarding the lack of medical attention are also too broad and conclusory.  Therefore, they fail to state a plausible claim for relief.  See <u>Cary v. Hickenlooper</u>, 674 Fed.Appx. 777, 780 (10th Cir. 2016)(claim of denial of "appropriate medical care" is insufficient to state a claim for relief); <u>Gee v. Pacheco</u>, 627 F.3d 1178, 1192 (10th Cir. 2010)(rejecting vague and conclusory allegations regarding lack of medical treatment). Finally, the complaint's generalized statements that plaintiff was denied freedom of religion are inadequate to state a claim. Plaintiff does not describe how his constitutional rights have been violated by FNU Zeke or any other defendant, contrary to the Tenth Circuit's above-quoted language in <u>Pahls</u>.

IV. <u>Conclusion</u>

Plaintiff's broad and conclusory allegations fail to state a claim for relief.  In addition, plaintiff has not adequately alleged facts which would support diversity jurisdiction.  In light of these concerns, the court shall grant plaintiff time until March 25, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies identified in the original complaint.  If plaintiff does not file a timely and sufficient response or an amended complaint stating a plausible claim which may be heard in this court, this case may be dismissed.  An amended complaint should be written on court-

6

approved forms and contain every claim plaintiff wishes to litigate in this case.  It should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 25th day of February 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge