IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD ZOLLAR HENDERSON,

                    Plaintiff,

vs.                                    Case No. 22-3013-SAC

JOHN DOE, et al.,

                    Defendants.

**O R D E R**

This case is before the court upon an amended complaint (Doc. No. 12) plaintiff filed in response to the court's show cause order.  The court shall screen the amended complaint using the standards the court reviewed in the show cause order.  Doc. No. 9, pp. 1-3.

I. The amended complaint

Plaintiff names the following defendants in the amended complaint:  Kansas City Area Transportation Authority (KCATA); John Doe, bus driver; Susan Lusebrink,[1] case manager at Grossman Halfway House; FNU Zeke, director of the Grossman Halfway House. Plaintiff alleges that he is currently located at the Leavenworth Prison Camp in Leavenworth, Kansas, but that he is moving back home to Kansas City, Missouri.[2]  The court assumes that plaintiff

---

[1] The court, in the show cause order, read plaintiff's handwriting in the original complaint as naming "Susan Husebrink" as a defendant.

[2] Plaintiff has filed a change of address notice with the amended complaint that lists his residence as Kansas City, Missouri.

was in federal custody at the time of the events alleged in the amended complaint.

The amended complaint states that plaintiff was on a bus and the bus driver ("John Doe") accelerated "extremely fast" throwing plaintiff off balance and into the air.  Plaintiff alleges that he hit the floor and slid until he struck the back of the bus.  The bus driver did not stop until the next station, where plaintiff was removed and transported to KU Medical Center.  Plaintiff was prescribed medical treatment and therapy at KU Medical Center.

Plaintiff states that defendant Susan Lusebrink tried to make plaintiff register as a sex offender, although this was rejected by the Leavenworth Sheriff's Office.  He also claims that Lusebrink said that plaintiff may have been involved in an escape attempt while plaintiff was using the phone to speak to the 911 dispatcher.  Plaintiff further asserts that Lusebrink denied and canceled medical treatment and denied religious services, stating that plaintiff was not a Muslim.

The amended complaint is written on a form for a "civil rights complaint."

II. Screening

    A. John Doe and KCATA

The amended complaint does not allege a federal cause of action against "John Doe."  In some circumstances, a federal constitutional violation may be litigated under a Bivens theory

2

against a federal officer,[3] or under 42 U.S.C. § 1983 against a state officer.  Plaintiff, however, does not allege that "John Doe" is a federal officer or a state officer.

Assuming that the bus driver is a state employee,[4] plaintiff does not allege facts demonstrating any action or nonaction which would rise beyond mere negligence.  Negligence is a state law claim and does not supply grounds for a constitutional cause of action under § 1983.  Karn v. PTS of America, LLC, ___ F.Supp.3d ____, 2022 WL 743944 *23-24 (D.Md 3/11/2022)(negligent speeding and reckless driving did not amount to actionable misconduct under § 1983); Carrasquillo v. City of New York, 324 F.Supp.2d 428, 436-37 (S.D.N.Y. 2004)(dismissing § 1983 claims arising from prison bus accident because individuals do not have a constitutional right to be free from a government employee's negligence even if it causes injury); see also Dexter v. Ford Motor Co., 92 Fed.Appx. 637, 641 (10th Cir. 2004)(failure to seatbelt prisoner in van during transport did not violate Eighth Amendment rights of plaintiff who suffered severe injuries when the van rolled and ejected him).

Plaintiff also may not proceed under § 1983 against the KCATA on the basis of vicarious liability, that is based only upon the actions of its employee bus driver.  See Rascon v. Douglas, 718

---

[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[4] Article III of the compact creating the KCATA states that it shall "be a body corporate and politic and a political subdivision of the states of Kansas and Missouri."  K.S.A. 12-2524.

Fed.Appx. 587, 589-90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed.Appx. 536, 545 (10th Cir. 2016). To state a claim against the KCATA under § 1983, plaintiff must identify an official policy or custom that caused a constitutional violation. See Wabuyabo v. Correct Care Solutions, 723 Fed.Appx. 642, 643 (10th Cir. 2018). Plaintiff has failed to allege such facts. Consequently, any § 1983 claim against KCATA is subject to dismissal for failure to state a claim.

Plaintiff also does not allege facts supporting diversity jurisdiction, such that the court could exercise jurisdiction over a state law negligence claim against "John Doe" or KCATA. Plaintiff has the burden of properly alleging grounds for this court's jurisdiction. See Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). To have diversity jurisdiction, plaintiff may not be a citizen of the same state as any defendant. Wis. Dept. of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Without facts alleged showing there is diversity of citizenship between plaintiff and the KCATA and "John Doe," the court does not have diversity jurisdiction over plaintiff's state law claims. McBride v. Doe, 71 Fed.Appx. 788, 790 (10th Cir. 2003).

B. Susan Lusebrink

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Tenth Circuit has stressed the need for factual particulars, especially in cases involving multiple defendants.  Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim").

Plaintiff's allegations that defendant Lusebrink "tried" unsuccessfully to have plaintiff registered as a sex offender or made other false statements, do not describe a plausible claim for a constitutional violation because they fail to allege an injury. See Jebe v. Colorado Dept. of Corrections, 316 Fed.Appx. 774, 775 (10th Cir. 2009); Koetting v. Noble County Bd. of County Com'rs, 12 Fed.Appx. 796, 799 (10th Cir. 2001).

Similarly, plaintiff's broad assertion that Lusebrink denied and cancelled medical treatment is too conclusory to state a plausible constitutional claim.  See Cary v. Hickenlooper, 674 Fed.Appx. 777, 780 (10th Cir. 2016)(claim of denial of "appropriate medical care" is insufficient to state a claim for relief); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(rejecting vague and conclusory allegations regarding lack of medical treatment).

These claims also fail because they do not allege facts plausibly showing that defendant Lusebrink acted with a culpable state of mind.  See <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).

Finally, the general statement that defendant Lusebrink "denied religious services" lacks sufficient factual detail to describe a claim for relief.  See <u>Hamilton v. Hernandez</u>, 500 Fed.Appx. 592, 594 (9th Cir. 2012)(dismissing claim that prison officials refused to allow plaintiff to attend services as vague and conclusory); <u>Rivera v. Hassler</u>, 79 Fed.Appx. 392, 394 (10th Cir. 2003)(statement that plaintiff was forced to move tables during dinner and could not engage in fellowship with "Praise and Worship" team did not state a claim for violating free exercise of religion); <u>Sawyer v. Howard</u>, 2019 WL 6217910 *5 (D.Kan. 11/21/2019) <u>aff'd</u>, 813 Fed.Appx. 345 (10th Cir. 2020)(allegation that attendance and participation in services were restricted does not state a claim).

C. <u>FNU Zeke</u>

FNU Zeke is only mentioned in the caption of the amended complaint.  There are no allegations indicating that he or she personally participated in or was the moving force behind a constitutional violation or other type of injury.  Therefore, plaintiff has failed to state a claim against this defendant.

6

III. <u>Conclusion</u>

For the above-stated jurisdictional and nonjurisdictional reasons, the court finds that the amended complaint fails to state a claim upon which relief may be granted.  The court shall order that this case be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 31st day of March 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge